RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE _5/20/10_
BY_____DD_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JOHN CLIFTON CONINE | CIVIL ACTION NO. 10-459 |
| VERSUS | JUDGE ROBERT G. JAMES |
| THOMAS MONROE, ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court are a Motion to Withdraw Reference [Doc. No. 1] and a Motion to Dismiss [Doc. No. 3] filed by Defendants L&J Trust, Jeffrey C. Swank, Jr. ("Swank, Jr."), and Lindsey B. Swank ("Ms. Swank"). For the following reasons, the Motion to Withdraw Reference is DENIED, and this case, including the Motion to Dismiss, is REMANDED to the bankruptcy court.

I.   FACTUAL AND PROCEDURAL BACKGROUND

In 1999, Jeffery C. Swank, Sr. ("Swank, Sr.") filed a bankruptcy petition in the Eastern District of Louisiana, Case No. 99-15162. The case was later transferred to the Northern District of Florida, Case No. 99-79998.

A decade later, on May 22, 2009, Swank, Sr. filed for Chapter 11 bankruptcy in the bankruptcy court for the Western District of Louisiana, Case No. 09-31066. On June 25, 2009, Swank, Sr.'s Chapter 11 case was converted to a Chapter 7 case, and John C. Conine ("the Trustee") was appointed trustee for the Chapter 7 estate.

On July 13, 2009, the Trustee filed an adversary complaint against Thomas Monroe; Swank, Sr.; L&J Trust; Swank, Jr.; and Ms. Swank. The Trustee seeks ownership of and damages from certain assets owned by L&J Trust (approximately 870 acres of land in Delhi, Louisiana). The Trustee also seeks, among other things, an injunction to prevent Defendants from transferring trust

assets. The Trustee alleged that in 2000, Swank, Sr. established, or attempted to establish L&J Trust for the benefit of his two children, Ms. Swank and Swank, Jr., and that L&J Trust acquired substantial property adjacent to Swank, Sr.'s property. The Trustee further alleged that Swank, Sr. treated the trust property as his own by leasing, as "owner," trust property for use as an off-road park; exchanging trust property with other property; selling, as "owner," timber removed from trust property; and, on December 30, 2008, receiving the first payment of proceeds totaling $100,000 for the sale of timber removed from trust property.

On November 2, 2009, L&J Trust filed a proof of claim in Swank, Sr.'s bankruptcy proceeding for, among other things, the purchase price of a 40-acre tract of land Swank, Sr. acquired from L&J Trust. [Doc. No. 10, Exhibit 1].

On March 19, 2010, Defendants filed a Motion to Withdraw Reference and a Motion to Dismiss. [Doc. Nos. 1 & 3]. On April 9, 2010, the Trustee filed a response. [Doc. No. 8]. On April 23, 2010, Defendants filed a reply. [Doc. No. 10]. On May 10, 2010, the Trustee filed a sur-reply. [Doc. No. 16].

## II.  LAW AND ANALYSIS

Defendants assert that this case should be withdrawn from the bankruptcy court to this Court because this is a non-core proceeding; judicial resources would be preserved; and L&J Trust has requested a jury trial. The Trustee contends that this case should not be withdrawn because this is a core proceeding; there is no evidence that withdrawal would preserve judicial resources; withdrawal would not expedite the bankruptcy process; withdrawal would increase forum shopping and deter uniformity; and L&J Trust has waived its right to a jury trial.

A district court's power to withdraw a proceeding before a bankruptcy court is governed by

28 U.S.C. § 157(d).[1] Section 157(d) gives a district court discretion to withdraw proceedings from a bankruptcy court when cause is shown.

When determining whether to withdraw a proceeding, a court should consider: (1) whether the proceeding is core or non-core; (2) whether withdrawal would foster a more economical use of the parties' resources; (3) whether withdrawal would expedite the bankruptcy process; (4) whether withdrawal would reduce forum shopping and promote uniformity; and (5) whether jury demands have been made. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985). The party seeking withdrawal has the burden of establishing a "sound articulated foundation" for the withdrawal. *See id.* at 998.

"A core proceeding either invokes 'a substantive right provided by title 11 or . . . [is a claim] that, by its nature, could arise only in the context of a bankruptcy case.'" *Rodriguez v. Countrywide Home Loans, Inc.*, 421 B.R. 341, 350 (S.D. Tex. Dec. 3, 2009) (quoting *In re Wood*, 825 F.2d 90, 97-98 (5th Cir. 1987)). "A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." 28 U.S.C. § 157(b)(3). A non-exhaustive list of core proceedings is set forth in 28 U.S.C. § 157(b)(2).

The Trustee asserts that this is a core proceeding because he brings his claims pursuant to 11 U.S.C. § 544.[2] *See* 28 U.S.C. § 157(b)(2) ("Core proceedings include . . . proceedings to determine, avoid, or recover fraudulent conveyances."). Defendants contend that the Trustee's use of § 544 is

---

[1] Section 157(d) states, in pertinent part: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

[2] Section 544 provides that a trustee "may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable" under state law. 11 U.S.C. § 544.

disingenuous in determining whether this is a core proceeding because a trustee can only avoid transactions made up to one year prior to a bankruptcy petition. *See* 11 U.S.C. § 550(f). Defendants contend that the Trustee seeks to avoid transactions made up to nine years prior to the filing of Swank, Sr.'s May 22, 2009 bankruptcy petition. Defendants further contend that the Trustee's claims are more appropriately classified as non-core state law claims based on the doctrines of simulation, juridical veil piercing, and single business enterprise.

However, Defendants fail to note that, in addition to seeking to avoid transactions made more than one year prior to Swank, Sr.'s May 22, 2009 bankruptcy petition, the Trustee also seeks to avoid a December 30, 2008 transaction involving proceeds from the sale of timber removed from L&J Trust's property. Furthermore, the fact that some of the Trustee's claims may rely on state law doctrines may not be the sole basis on which the Court decides that this is a non-core proceeding. *See* 28 U.S.C. § 157(b)(3). Therefore, the Court finds that this is a core proceeding.

Because this is a core proceeding, the Court also finds that withdrawal would not foster a more economical use of the parties' resources, further judicial economy, or expedite the bankruptcy process. *See* 28 U.S.C. § 157(b)(1) (providing that bankruptcy judges may enter judgments in core proceedings).

No party has articulated how withdrawal of a core proceeding would increase or decrease forum shopping and uniformity. Therefore, the Court finds that this factor is neutral.

Finally, in the Motion to Withdraw Reference, L&J Trust requests a jury trial. [Doc. No. 2-38, p.5]. The bankruptcy court lacks jurisdiction to conduct a jury trial in this case because all of the parties do not consent. *See* 28 U.S.C. § 157(e). L&J Trust, therefore, asserts that this proceeding must be withdrawn to preserve its Seventh Amendment right to a jury trial. However, even assuming

L&J Trust has a right to a jury trial, it waived that right when it submitted a proof of claim in Swank, Sr.'s bankruptcy proceeding.

The Seventh Amendment of the United States Constitution entitles a person who has not submitted a claim against a bankruptcy estate to a jury trial when sued by a bankruptcy trustee seeking monetary relief in an avoidance action. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 64 (1989) (citation omitted). However, "by filing a claim against a bankruptcy estate the [person] triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power" and waiving his Seventh Amendment right to a jury trial. *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) (per curiam) (quoting *Granfinanciera*, 492 U.S. at 58-59).

L&J Trust argues that the adversary complaint and the proof of claim must be factually intertwined for L&J Trust to waive its right to a jury trial. *In re Worldcom, Inc.*, 378 B.R. 745, 752-53 (Bankr. S.D.N.Y. 2007). However, neither the United States Supreme Court nor the Fifth Circuit Court of Appeals offer a distinction based on whether the adversary complaint and the proof of claim are factually intertwined. *See Langenkamp*, 498 U.S. at 44. *See also In re Trans Marketing*, No. 96-20592, 1997 WL 336190, at *8 (5th Cir. May 30, 1997) ("When a bankruptcy creditor files a proof of claim, it submits itself to the bankruptcy court's equitable powers and thereby waives its right to a jury trial."). Even if L&J Trust's argument is correct, the Court finds that the adversary complaint and L&J Trust's proof of claim are factually intertwined.

L&J Trust filed a proof of claim in the bankruptcy proceeding against the bankruptcy estate for, among other things, the purchase price of a 40-acre tract of land acquired by Swank, Sr. from L&J Trust. The 40-acre tract is presumably part of the 870 acres of land implicated by the Trustee's

5

adversary complaint. Furthermore, both the proof of claim and the Trustee's adversary complaint touch on the relationship between L&J Trust and Swank, Sr. L&J Trust's proof of claim and the Trustee's adversary complaint are factually intertwined. Therefore, the Court finds that L&J Trust submitted itself to the equitable powers of the bankruptcy court and waived its Seventh Amendment right to a jury trial.

In sum, the Court finds that the factors stated in *Holland* weigh against withdrawal of this proceeding. *See* 777 F.2d at 999. Accordingly, the Motion to Withdraw Reference is DENIED, and this case, including the Motion to Dismiss, is REMANDED to the bankruptcy court.

### III. CONCLUSION

For the foregoing reasons, the Motion to Withdraw Reference [Doc. No. 1] is DENIED, and this case, including the Motion to Dismiss [Doc. No. 3], is REMANDED to the bankruptcy court.

MONROE, LOUISIANA, this 20 day of May, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE